IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MOZELL AUSTIN, | ) | |
| | ) | |
| Plaintiff, | ) | 08 CV 5559 |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | Honorable David H. Coar |
| EDUCATION, *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before this Court is a Motion for Summary Judgment filed by the Defendant United States Department of Education (the "Department") against Plaintiff Mozell Austin ("Austin"). For the reasons stated below, the Department's Motion for Summary Judgment is GRANTED.

**BACKGROUND**

On September 29, 2008, Austin initiated this action *pro se*, alleging that the Department engaged in wrongful debt collection practices by seeking to recover amounts the Department claimed were loaned to Austin during the period in which she was a student. Austin alleges that she was a victim of identity theft. She alleges that she never received any of the amounts

disbursed in her name, and that the documents the Department relied on in pursuing collection of her loan were not signed by her.

On July 10, 2009, the Department filed its motion for summary judgment. Under Rule 56(e)(2), a party opposing a motion for summary judgment "may not rely merely on allegations or denials in its own pleading; rather its response must - by affidavits or as otherwise provided in this rule-set out specific facts showing a genuine issue for trial." If appropriate, summary judgment should be entered against a party who fails to so respond adequately. Fed.R.Civ.P. 56(e)(2). In this district, the procedures for replying to a motion are laid out with greater detail in Local Rule 56.1(a)(3).

In accordance with Seventh Circuit requirements, the Department's motion contained a notice to Austin describing Local Rule 56 in plain English and outlining the consequences of a failure to respond to its motion. *See Timms v. Frank,* 953 F.2d 281, 285 (7th Cir. 1992). Despite having received this notice, Austin has not followed the proper procedures for responding to a motion for summary judgment. Instead of filing a response to each numbered paragraph in the moving party's statement, and providing specific references to supporting evidentiary material, Austin has submitted a narrative reasserting that she never applied for a student loan and received free Pell grants only. [Dkt. 53.] Under forms mis-titled "Amended Complaint," Austin apparently submits an additional statement of fact, indicating that she was disabled during 1994 and thus not able to attend college or receive student loans.[1] [Dkt. 59-60.] She supports her claim with unauthenticated documents, which the Court cannot consider. *See Friedel v. City of Madison,* 832 F.2d 965, 970 (7th Cir.1987) (supporting materials must be authenticated by "vehicles designed to sure reliability and veracity," such as depositions, answers to

---

[1] In a separate motion, the Department moved to strike Austin's "Amended Complaints." Because the Court construes the documents as mis-labeled addendums to Austin's response to the Department's motion for summary judgment, this motion is denied. The issue is moot in any event.

2

interrogatories, admissions and affidavits).

*Pro se* litigants are generally entitled to a level of deference not otherwise afforded to ordinary litigants represented by counsel. *See e.g., Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*per curiam*) (requiring liberal construction of *pro se* litigant pleadints). Nevertheless, "pro se litigants are not entitled to general dispensation from rules of procedure or court-imposed deadlines." *Downs v. Westfal*, 78 F.3d 1252, 1257 (7th Cir. 1996); *see also Members v. Paige,* 140 F.3d 699, 702 (7th Cir.1998) (stating that procedural rules "apply to uncounseled litigants and must be enforced").

The materials Austin has submitted in response to the Department's motion for summary judgment, even if construed liberally, fail to comply with Local Rule 56.1. "When a responding party's statement fails to dispute the facts set forth in the moving party's statement in the manner dictated by [Rule 56.1], those facts are deemed admitted for purposes of the motion." *Cracco v. Vitran Exp., Inc.,* 559 F.3d 625, 632 (7th Cir. 2009); *see also Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) (holding that "a failure to respond by the nonmovant as mandated by the local rules results in an admission"); *Greer v. Bd. of Educ., of the City of Chicago,* 267 F.3d 723, 727 (7th Cir. 2001). Because Austin failed to properly oppose any of the Department's statements of fact, all of the Department's statements fairly supported by the evidence are deemed admitted. The Court is left to determine whether the Defendant is entitled to judgment as a matter of law in light of the uncontested facts.

## FACTS

The following facts may not be objectively true, but must be deemed as admitted in light of Austin's failure to properly dispute the Department's statement of facts.

Austin received a number of student loans prior to the year 1989. In September 1989, Austin consolidated the loans and signed a promissory note for a Subsidized Stafford Consolidation Loan for $8,397.97, having a 10 % rate of interest.

Austin defaulted on her loan repayment obligation in June 1994. Pursuant to the Department's collection procedures for defaulting borrowers, the guaranty agency paid the private lender who provided the original loan. This capitalized the interest on Austin's loan, increasing the principal balance.

When the guaranty agency's attempts to collect the loan from Austin proved unsuccessful, the loan was assigned to the Department. At the time of assignment, Austin's indebtedness to the agency amounted to approximately $26,000 ($12,350.51 in unpaid principal and $13,873.16 in unpaid accrued interest). As of March 26, 2009, her indebtedness to Education was approximately $29,000 ($12,350.51 in unpaid principal and $17,455.57 in unpaid accrued interest). Austin had yet to make a payment on her loan obligation.

A procedure exists in the Department's implementing regulations for having Austin's indebtedness discharged. The procedure calls for a debtor, like Austin, to file a Loan Discharge Application: False Certification (Unauthorized Signature/Unauthorized Payment). The application must include five different signature specimens of the applicant's signature, two of which were made within one year of the contested signature.

Austin submitted a Loan Discharge Application on August 5, 2007. Austin stated on her application that someone else signed her disbursement check, implying that she never got the money. However, Austin did not submit any signature specimens, resulting in the denial of her application by the Department.

Austin submitted a second Loan Discharge Application on July 3, 2008. On this application, Austin stated that someone else received the loan, and that she did not. Austin's application included two signature specimens, an AARP membership card dated 1999, and an application for Low Income Home Energy Assistance, dated October 3, 2006. The Department compared Austin's signature on her consolidated loan application with her signatures on other documents in her loan file. It determined that the signatures matched and that Austin's claim of forgery had no merit.

Subsequently, the Department informed credit companies of her indebtedness, and placed an offset claim against her under the Treasury Offset Program. As of July 8, 2009, Austin's indebtedness to the Department was $30,158.02.

**LEGAL STANDARD**

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets this burden, the non-movant must set forth specific facts (a "scintilla of evidence" is insufficient) demonstrating that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *Anderson*, 477 U.S. at 252.

When reviewing a motion for summary judgment, the court must view the facts in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's

5

favor. *See Schuster v. Lucent Tech., Inc.*, 327 F.3d 569, 573 (7th Cir. 2003). At summary judgment, the "court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact." *Nat'l Athletic Sportswear, Inc. v. Westfield Ins. Co.*, 528 F.3d 508, 512 (7th Cir. 2008).

## ANALYSIS

The Administrative Procedure Act (APA), 5 U.S.C. §§ 701-706, governs the judicial review of a final agency action. The APA standard of review permits this Court to set aside agency action, findings, and conclusions only if they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or are "unsupported by substantial evidence in a case . . . ." *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 413-15 (1971); 5 U.S.C. §§ 706(2)(A) and (E). "Substantial evidence is such 'relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Adventist Living Ctrs., Inc. v. Bowen*, 881 F.2d 1417, 1420 (7th Cir. 1989).

A reviewing court cannot reweigh the evidence or substitute its own judgment for that of the agency. *Cass v. Shalala,* 8 F.3d 552, 555 (7th Cir. 1993). Instead, the Court must limit itself to determining "whether 'there [is] a rational relationship between the facts as [the Department] finds them and [the agency's] ultimate conclusion.'" *Mt. Sinai Hospital Medical Ctr. v. Shalala*, 196 F.3d 703, 709 (7th Cir. 1999). An agency's action is not arbitrary and capricious so long as "the agency's path may be reasonably discerned." *Id*. at 708.

Upon review of an agency decision, deference is given to its factual findings. *Adventist*, 881 F.2d at 1420. Moreover, an agency's interpretation of the statutes is entrusted to administer is entitled to great deference. As the Supreme Court emphasized in *Chevron v. Nat. Res. Def. Council*, 467 U.S. 837, 844 (1984), "a court may not substitute its own construction of a statutory provision for a reasonable interpretation made by the administrator of an agency." Rather, the agency's interpretation should be sustained so long as it is "a permissible construction of the statute." *Id*. at 843.

The Department of Education's decisions to disapprove Austin's Loan Discharge Applications met the requirements of the agency's governing statute, the Higher Education Act of 1965, as amended, Title IV, Part B; 20 U.S.C. §§ 1071 to 1087-4, and the statutes implementing regulations, 34 C.F.R. § 682. The Department based its decision on substantial evidence of Austin's indebtedness, including records of loan disbursements and a signed consolidation loan promissory note, as well as Austin's failure to provide credible evidence to support her claims of identity theft and forgery.

In light of the documentary evidence, Austin's failure to comply with the Department's requests for further proof of identity theft, and her continued refusal to pay off her loans, the Department's final decision to notify credit reporting agencies of Austin's indebtedness and place a claim against her in the Treasury Offset Program were not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or are "unsupported by substantial evidence in a case . . . ." *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 413-15 (1971). The Department reasonably concluded that discharging Austin's indebtedness without an adequate evidentiary showing of identity theft would have violated its statutory and regulatory responsibilities to competently administer the Federal Family Education Loan Program.

Given the absence of disputed material facts requiring submission to a jury, this Court is obliged to grant summary judgment in the Department's favor.

## CONCLUSION

For the foregoing reasons, the Department's Motion for Summary Judgment is GRANTED.

Enter:

/s/ David H. Coar

_____
David H. Coar
United States District Judge

Dated: **March 19, 2010**